CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 28, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD M. PROFFIT, ) | |
|     Petitioner, ) | Civil Action No. 7:24cv00232 |
| ) | |
| v. ) | |
| ) | |
| CHADWICK S. DOTSON, ) | By:  Elizabeth K. Dillon |
|     Respondent. ) | United States District Judge |

**MEMORANDUM OPINION**

Richard M. Proffit, a Virginia inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 9, 2024, the court issued an order directing Proffit to address his apparent failure to exhaust available remedies in state court prior to filing this action.  (Dkt. No. 2.)  The time allotted for a response by the order has expired, and Proffit has not filed anything to address exhaustion.

This court may not grant a § 2254 habeas petition unless the petitioner first exhausted the remedies available in the courts of the state in which petitioner was convicted.  28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).  The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  If petitioner has available state court proceedings in which to litigate his habeas claims, this court must dismiss the petition without prejudice to allow him to exhaust those state court remedies.  *See Slayton v. Smith*, 404 U.S. 53, 54 (1971).

In his petition, Proffit indicates that he was sentenced to a five-year term of imprisonment on May 24, 2023, in Montgomery County Circuit Court.  (Habeas Pet., Dkt. No. 1.)  Petitioner states that his attorney told him he could not appeal because of his plea agreement.  (*Id.* at 5.)

The petition contains no information about whether petitioner pursued or presented any of his claims in state court. Thus, it is apparent to the court that petitioner has not satisfied the exhaustion requirement. Further, the court's order specifically warned petitioner that failure to comply and provide information concerning exhaustion could result in dismissal of this petition. (Dkt. No. 2 at 2.) Petitioner's noncompliance with the court's order is a separate justification to dismiss this matter.

      For these reasons, the court will issue an order dismissing this matter without prejudice.

      Entered: May 28, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge